**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MICHAEL GARCIA, AS NEXT** | § | |
| **FRIEND TO LEE TALAMANTEZ,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** <u>5:24-cv-00149</u> |
| | § | |
| **WELLS FARGO BANK, N.A.** | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") files this Notice of Removal of the above-entitled action from the 407th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division. As set forth below, this case is subject to removal based upon diversity jurisdiction.

## I.
## BACKGROUND

1.      On February 6, 2024, Plaintiff Michael Garcia, as next friend to Lee Talamantez ("Plaintiff") filed his Original Petition, Cause No. 2024-CI-02608, styled as *Michael Garcia, as Next Friend to Lee Talamantez vs. Wells Fargo Bank, N.A.*, in the 407th Judicial District Court of Bexar, Texas (the "State Court").

2.      On February 6, 2024, the State Court issued a temporary restraining order against Wells Fargo restraining Wells Fargo from foreclosing or taking any action to foreclose on the property located at 2614 Waverly Avenue San Antonio, Texas 78228 (the "Property). True and

correct copies of all pleadings, and orders served in the state court proceeding and a true and correct copy of the state court docket sheet are attached hereto and incorporated herein by reference as **Exhibit 1**.

3.     In the Original Petition, Plaintiffs allege Wells Fargo failed to produce the Original Note with all allonges, transfers and assignments affixed thereto. *See* Exhibit 1 at p. 3.

## II.
## DIVERSITY JURISDICTION

4.     Removal is proper under 28 U.S.C. § 1332 due to complete diversity between the parties.

5.     This Court has subject matter jurisdiction in this case based on diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. *Id*. § 1332(a)(1). Both of the requirements for diversity jurisdiction are met in this case.

6.     Wells Fargo Bank, N.A. is a national banking association. The Supreme Court held in *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006), that for the purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332, national banking associations, such as Wells Fargo, are deemed citizens of states "in which they are respectively located" and a national banking association is "located" in the state in which its main office, as set forth in its articles of association, is located. Wells Fargo's main office, as set forth in its articles of association, is currently, and was at the time the Complaint was filed, located in Sioux Falls, South Dakota. Wells Fargo is, therefore, a citizen of South Dakota for purposes of 28 U.S.C. § 1332(a)(1) and (c)(1).

7.     Plaintiff, by his own admission is a resident of Bexar County, Texas. *See* Exhibit 1 at p. 2.

8.    Plaintiffs seek monetary relief relating to a sale of collateral pursuant to a Trustee's Sale of the Property that exceeds $75,000 in value.  The amount in controversy purportedly exceeds the requirement of 28 U.S.C. § 1332(a).

9.    Because this action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) due to the complete diversity of the parties that existed at the time the petition was filed and continues to exist to date, and an amount-in-controversy above the $75,000.00 threshold, this action is properly removable to this Court by Wells Fargo pursuant to 28 U.S.C. § 1441(b).

## IV.
## PROCEDURAL ALLEGATIONS

10.    The Western District of Texas, San Antonio Division, is the federal district and division that encompasses the 407th Judicial District Court of Bexar County, Texas.  *See* 28 U.S.C. § 124(d)(4). This notice of removal is filed within thirty (30) days of having been served with Plaintiffs Original Petition and is, therefore, timely filed under 28 U.S.C. § 1446.  Accordingly, removal to this Court is proper under 28 U.S.C. §§ 1441(a) and (b).

11.    Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit 2** is a copy of the docket from the state court action.  Wells Fargo will supplement this removal with remaining pleadings and orders filed with the state court in the state court action, if any, as soon as they are received.

12.    As required by 28 U.S.C. § 1446(d), a Notice to State Court of Filing Notice of Removal, along with a copy of this Notice of Removal, will be promptly filed in the 407th Judicial District Court of Bexar County, Texas and served on Plaintiff.  A copy of the Notice to State Court of Filing Notice of Removal is attached to this Notice of Removal as **Exhibit 3**.

13.    This is the only request for removal.  Wells Fargo has not made a previous application for the relief requested herein.

Defendant Wells Fargo respectfully request the removal of this action from the 407th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division.


*[Remainder of Page Left Intentionally Blank]*


Respectfully submitted,

*/s/ Taylre C. Janak*
Keith M. Aurzada
State Bar No. 24009880
kaurzada@reedsmith.com
Taylre C. Janak
State Bar No. 24122751
tjanak@reedsmith.com
2850 N. Harwood Street
Suite 1500
Dallas, Texas 75201
Telephone: 469-680-4200
Facsimile: 469-680-4299

*Counsel for Wells Fargo*

### **CERTIFICATE OF SERVICE**

I certify that, on February 13, 2024, I served a copy of the foregoing document via email. Additionally, the foregoing document will be served on February 14, 2024, via certified mail, return receipt requested upon the following counsel of record:

John T. Hicks
The Hicks Law Firm
1846 N. Loop 1604 West, Suite 205
San Antonio, Texas 78248
jhickslawfirm@gmail.com


*/s/ Taylre C. Janak*
Taylre C. Janak

# EXHIBIT 1

FILED
2/6/2024 9:14 AM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Ana Cortijo
Bexar County - 407th District Court

2024CI02608

CAUSE NO. _____

| | | |
|---|---|---|
| **MICHAEL GARCIA, AS NEXT FRIEND** | § | **IN THE DISTRICT COURT** |
| **TO LEE TALAMANTEZ** | § | |
| | § | **_____ JUDICIAL DISTRICT** |
| **VS.** | § | |
| | § | |
| | § | |
| **WELLS FARGO BANK, N.A.** | § | **OF BEXAR COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY**
**RESTRAINING ORDER AND TEMPORARY INJUNCTION**

Plaintiff, Michael Garcia, as Next Friend to Lee Talamantez, files against Defendant this original petition and application for temporary restraining order and files this temporary injunction against Defendant, Wells Fargo Bank, N.A., and asks this Honorable Court to grant the Application for Temporary Restraining Order to prevent Defendant from conducting the Substitute Trustee's Sale scheduled for 6 February 2024, and from otherwise selling or taking possession of the property subject of this litigation, which is incorporated by reference and fully set forth at length herein, during the pendency of this cause, and from otherwise disturbing or attempting to disturb Plaintiff's peaceable possession and enjoyment of his property, and in support shows the Court the following:

**Jurisdiction**

1. The damages sought in this suit are within the jurisdictional limits of the Court. As required by Rule 47, Texas Rules of Civil Procedure, Plaintiff states that Plaintiff seeks only non-monetary relief.

2. This Court has personal jurisdiction because the property which is the subject of this litigation is located in Texas and Defendants are doing business within this state.

**Venue**

3. Venue is proper in this county pursuant to Section 15.011 of the Texas Civil Practice and Remedies Code because this action involves real property and the property is located in Bexar County, Texas.

Copy from re:SearchTX

**Plaintiff**

4.  Plaintiff, Michael Garcia, is an individual whose address is 2614 Waverly Ave., San Antonio, Texas 78228.

**Defendant**

5.  Defendant Wells Fargo Bank, N.A., is a Delaware corporation and Defendant may be served with process by electronic service to attorney of record.

6.  This Court has jurisdiction over Wells Fargo Bank, N.A., because said Defendant does business in the State of Texas.

**Discovery Control Plan**

7.  Under Texas Rule of Civil Procedure 190.4, Plaintiff plans to conduct discovery under Level 3 and affirmatively pleads this suit is not governed by the expedited actions process Rule 169 of the Texas Rules of Civil Procedure because Plaintiffs seek injunctive relief.

**Facts**

8.  Plaintiff, Lee Talamantez, is the record owner of the property located at 2614 Waverly Ave., San Antonio, Texas 78228, more specifically described as:

> *Tract 1:*
> *Lot 3, New City Block 9176, Woodlawn Park, Fifth Unit, an addition to the City of San Antonio, Bexar County, Texas, according to the map and/or plat thereof recorded in Volume 2222, Page 32, Deed and Plat Records, Bexar County, Texas.*
>
> *Tract 2:*
> *The east part of Lot 2, New City Block 9176, Woodlawn Park, Fifth unit, an addition to the City of San Antonio, Bexar County, Texas, according to the map and/or plat thereof recorded in Volume 2222,, Page 32, Deed and Plat Records, Bexar County, Texas, more particularly described as follows:*
> *Beginning at a set 1/2 inch which bears North 83 deg. 48 min. 00 sec. West a distance of 75.00 feet from a found ½ inch iron rod in the southerly R.O.W. line of Donaldson Ave. (70' R.O.W,), Volume 980, Page 303, Deed and Plat Records of Bexar County, Texas, for the northeast corner of the herein described tract, the northwest comer of Lot 3, N.C.B.. 9176, said subdivision, and northeast comer of said Lot 2;*
> *Thence along the common line of said Lot 2 and Lot 3, same being the east line of the herein described tract, South 06 deg. 31 min. 14 sec. West a distance of 172.21 feet to a set ½ inch iron rod for the southeast corner of the herein*

Copy from re:SearchTX

*described tract, the southeast comer of said Lot 2, the southwest comer of said Lot 3, and In the northerly R.O.W. line of a 16 foot alley;*
*Thence along said R.O.W.and a curve to the left with the following parameters:*
*Radius: 540.00 feet*
*Arc Length: 56.24 feet*
*Chord Length: 56.21 feet*
*Chord Bearing: South 69 deg. 38 min. 40 sec. West*
*Delta Angle: 05 deg. 58 min. 01 sec.*
*To a set ½ inch iron rod for the southwest comer of the herein described tract;*
*Thence into and across said Lot 2, same being the west line of the herein described tract, North 06 deg. 31 min.14 sec. East, at a distance of 197.70 feet passing a found 1 inch pipe, a total distance of 197.84 feet to a point of reference in the southerly R.O.W. line of Donaldson Ave. for the northwest comer of the herein described tract;*
*Thence along said R.O.W. South 83 deg. 48 min. 00 sec. East a distance of 50.15 feet to the point of beginning, and containing 0.21 acre of land, more or less.*
*Basis of Bearing : Volume 980, Page 303, Deed and Plat Records of Bexar County, Texas.*

## TEXAS BUSINESS & COMMERCE CODE VIOLATION

The Texas Business and Commerce Code states that only a "Holder" of an instrument, or a non-holder in possession of the instrument, is entitled to enforce the instrument, whether that be through enforcement of the deed of trust or any other manner.

A foreclosure action is merely a collection action on a negotiable instrument. Therefore, in this case, the negotiable instrument is the Original Mortgage Promissory Note. The Deed of Trust is merely the instrument securing the Original Mortgage Promissory Note. Although the Texas Property Code formulates the procedure by which a deed of trust may be used as a security instrument to collect on a mortgage, the deed of trust is wholly worthless and invalid if there is no Note for it to secure.

Defendant has failed to produce the Original Note with all allonges, transfers and assignments affixed thereto, permanently and irremovably, as required by the Texas Business and Commerce Code. Therefore, they have not shown that they are the "Holder" of the Note or "Holder in Due Course" and have no right to attempt to enforce such Note.

## TEXAS FINANCE CODE VIOLATION

Because Defendant has provided no evidence that they are in fact Holder in Due Course and Holder of the Note, they have no authority to collect on the Note. Defendant nonetheless has engaged in actions to collect on such Note. These actions are thereby fraudulent, deceptive, and/or misleading representations actionable under the Texas Finance Code §§392.303 and 392.304, The Texas Debt Collection Act (TDCA).

Copy from re:SearchTX

Defendant is in violation of Texas Finance Code Sections 392.301(8), therefore having no authority to collect on the note or hold a substitute trustee's sale.

All alleged transfers, assignments, and misstatements of facts regarding the Note by Defendant, and the failure of Defendant to verify that they are the Holder in Due Course and Holder of the Note, constitute violations of the Texas Finance Code.

DECLARATORY JUDGMENT

The Plaintiff requests that the court declare that any attempt to foreclose pursuant to the Texas Property Code Sec. 51.001 et seq is an action to collect a debt and therefore the Defendant must produce the one and only Original Promissory Note signed by the Plaintiff for inspection by the Plaintiff and or their document examiner prior to proceeding with any foreclosure proceedings.

**Application for Temporary Restraining Order**

1. After knowledge of a possible sale, Plaintiff has requested that Defendant produce certified copies of any and all transfer documents showing all of the transfers and assignments of the Original Deed of Trust, as well as the Original Note. Such documentation has not yet been provided to Plaintiff.

2. Unless this Honorable Court immediately restrains the Defendant from executing a Substitute Trustee's Sale or otherwise selling or taking possession of the subject property during the pendency of this cause, or from otherwise disturbing or attempting to disturb Plaintiff's peaceable possession and enjoyment of the property, Plaintiff will suffer immediate and irreparable injury, for which there is no adequate remedy at law to give Plaintiff complete, final and equal relief. More specifically, Plaintiff will show unto the court the following:

      a. The harm to Plaintiff is imminent because Plaintiff will lose their property.
      b. There is no adequate remedy at law which will give Plaintiff complete, final and equal relief if the Temporary Restraining Order is not granted and any transfer of the property is allowed to take place.
      c. Plaintiff is willing to post a reasonable temporary restraining order bond, and hereby requests this Honorable Court to set such bond at a reasonable amount.
      d. Plaintiff has met the burden by establishing each element which must be present before injunctive relief can be granted by this court, therefore Plaintiff is entitled to the requested temporary restraining order.

3. Plaintiff requests this Honorable Court to restrain the Defendant from executing the Substitute Trustee's Sale scheduled for 6 February 2024 or selling or otherwise taking possession

Copy from re:SearchTX

of the subject property during the pendency of this cause, or from otherwise disturbing or attempting to disturb Plaintiff's peaceable possession and enjoyment of the property.

4. Plaintiff is likely to succeed on the merits of this lawsuit.

5.There is insufficient time to serve notice on Defendant and to hold a hearing on this petition and application because the sale is set for Tuesday February 6, 2024 at 10:00am.

## Request for Temporary Injunction

1.  Plaintiff asks the Court to set this application for temporary injunction for hearing and to issue a temporary injunction against Defendants after hearing.

## Initial Disclosures

2.  As provided in Rule 194, Texas Rules of Civil Procedure, required Initial Disclosures of all items listed in Rule 194.2 must be made at or within 30 days after the filing of the first answer unless a different time is set by the parties' agreement or court order.

## Objection to Associate Judge

3.  Plaintiff objects to this case being referred to an associate judge for hearing a trial on the merits or for presiding at a jury trial.

## Conditions Precedent

4.  Plaintiff confirms that all conditions precedent to Plaintiffs' claim for relief have been performed or have occurred.

## Prayer

Plaintiff prays that the Court will cite Defendant to appear and answer and that Plaintiff be awarded a judgment against Defendant, on final trial, as follows:

5. Temporary restraining order and temporary injunction of Defendant, Defendant's officers, agents, servants, employees, and assigns, constables, sheriffs, Justices of the Peace, and attorneys from directly or indirectly from executing a Substitute Trustee's Sale or otherwise selling or taking possession of the subject property during the

Copy from re:SearchTX

pendency of this cause, or from otherwise disturbing or attempting to disturb Plaintiffs' peaceable possession and enjoyment of the property;

6. That the Court sets a reasonable bond for the temporary restraining order;

7. That, after notice and hearing, any and all Substitute Trustee's Sale on the above specified property will be set aside and a temporary injunction will issue enjoining and restraining Defendant, Defendant's officers, agents, servants, employees, successors and assigns, constables, sheriffs, Justices of the Peace, and attorneys from taking or selling in any fashion, or taking possession of the subject property during the pendency of this cause, or from otherwise disturbing or attempting to disturb Plaintiffs' peaceable possession enjoyment of the property;

8. That, after trial on the merits, the Court permanently enjoin Defendant, Defendant's officers, agents, servants, employees, successors and assigns, constables, sheriffs, Justices of the Peace, and attorneys from directly or indirectly from taking possession of the subject property or from otherwise disturbing or attempting to disturb Plaintiffs' peaceable possession enjoyment of the property.

9. A declaration that the Defendant must produce the one and only Original Promissory Note signed by the Plaintiff for inspection by the Plaintiff and or their document examiner prior to proceeding with any foreclosure proceedings;

10. A declaration that the court declare that any attempt to foreclose pursuant to the Texas Property Code Sec. 51.001 et seq is an action to collect a debt;

11. Equitable Relief;

12. Reasonable attorney's fees;

13. Costs of Court; and

14. All other relief to which Plaintiff is entitled;

15. Plaintiff prays for general relief.

Copy from re:SearchTX

Respectfully submitted,

The Hicks Law Firm
1846 N. Loop 1604 West, Suite 205
San Antonio, Texas 78248
Tel: (210) 906-8892
Fax: (210) 855-0132


By:  _/s/John T. Hicks_____
        John T. Hicks
        State Bar No. 24076439
        Attorney for Michael Garcia, as Next Friend
        Email: jhickslawfirm@gmail.com

Copy from re:SearchTX



Certificate of District Clerk That Plaintiff(s)

Made Cash Deposit In Lieu Of

Temporary Restraining Order Bond

The State of Texas                    407th District Court Judicial District Court

County of Bexar

I, Gloria A. Martinez, Clerk of the District Courts in and for Bexar County, Texas do hereby certify that Michael Garcia, as next friend to Lee Talamantez, in Cause No. 2024CI02608, Styled Michael Garcia, as next friend to Lee Talamantez vs. Wells Fargo Bank, N.A., has this day deposited the sum of one hundred dollars and zero cents ($100.00) cash, which is the amount ordered by the Court in lieu of Temporary Restraining Order Bond.

WITNESS, Gloria A. Martinez, Clerk of the District Courts in and for Bexar County, Texas.

Given under my hand and seal of said Courts of Bexar County, Texas, on this the 6th day of February, 2024.

Approved on this the 6th day of February, 2024

DEPUTY *Paul Dulin*

Gloria A. Martinez

DISTRICT CLERK

BEXAR COUNTY, TEXAS

** RECEIPT REQUIRED FOR REFUND O

OFFICIAL RECEIPT

District Clerk
Gloria A. Martinez
101 W. Nueva Suite 217
San Antonio, TX 78205
(210) 335-2113

Receipt No.  DC-2024-10175
Transaction Date : 02/06/2024
Payor
MICHAEL GARCIA

| Description | Amount Paid |
|---|---|
| On Behalf Of: Garcia, Michael 2024CI02608 Michael Garcia VS Wells Fargo Bank, N.A. District Clerk Civil Registry Account | |
| Court Registry | 100.00 |
| SUBTOTAL | 100.00 |
| PAYMENT TOTAL | 100.00 |
| Interest Cash Tendered | 100.00 |
| Total Tendered | 100.00 |
| Change | 0.00 |

02/08/2024        Cashier        Audit
11:30 AM          Station DC03   24664818

OFFICIAL RECEIPT

CAUSE NO. 2024CI02608

| MICHAEL GARCIA, AS NEXT FRIEND | § | IN THE DISTRICT COURT |
| TO LEE TALAMANTEZ | § | |
| | § | |
| VS. | § | 407th JUDICIAL DISTRICT |
| | § | |
| | § | |
| | § | |
| WELLS FARGO BANK, N.A. | § | OF BEXAR COUNTY, TEXAS |

**TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING
FOR TEMPORARY INJUNCTION**

The Court upon considering Michael Garcia, as Next Friend to Lee Talamantez, Plaintiff's application for temporary restraining order, the pleadings, the affidavits, and the arguments of counsel, finds there is evidence of harm that is imminent to Plaintiff and if the issuance of the temporary restraining order is not granted Plaintiff will be irreparably injured because Plaintiff will lose their property and there is no adequate remedy at law which will give Plaintiff complete, final and equal relief if the Temporary Restraining Order is not granted and any transfer of the property is allowed to take place.

The Court further finds an ex parte order without notice to Wells Fargo Bank, N.A., Defendant, is necessary because time is insufficient to give notice, hold a hearing, and issue a restraining order before the harm of irreparable injury, damage, or loss would occur in that the Substitute Trustee's Sale is set for Tuesday, February 6, 2024 at 10:00am.

**THEREFORE IT IS ORDERED** by this Court as follows:

1. Wells Fargo Bank, N.A., Defendant, and all of Wells Fargo Bank, N.A.'s agents, attorneys, employees, officers, and successors and assigns are restrained and **ORDERED** to immediately cease and desist from executing the Substitute Trustee's Sale scheduled for February 6, 2024 or selling or otherwise taking possession of the subject property during the pendency of this cause, or from otherwise disturbing or attempting to disturb Plaintiff's peaceable possession and enjoyment of the property from the entry of this order until further order of this Court.

2. The Clerk is **ORDERED** to issue notice to Wells Fargo Bank, N.A., Defendant, that hearing is set for February 16, 2024 , at 9:00am, on Plaintiff's application for temporary injunction at 100 Dolorosa, Room 1.09 San Antonio, TX 78205.

3. Wells Fargo Bank, N.A., Defendant, is **ORDERED** to appear at that time and show cause, if any cause exists, why this temporary restraining order should not be made a temporary injunction pending a full trial on the merits.

4. Bond is set at $100.00 (One Hundred Dollars).

SIGNED ON _____ **FEB 06 2024**



JUDGE PRESIDING

Respectfully submitted,

The Hicks Law Firm
1846 N. Loop 1604 West, Suite 205
San Antonio, Texas 78248
Tel: (210) 906-8892
Fax: (210) 855-0132

By: _/s/John T. Hicks_
John T. Hicks
State Bar No. 24076439
Attorney for Michael Garcia, as Next Friend
Email: jhickslawfirm@gmail.com

# EXHIBIT 2

**407th District Court**

## Case Summary

**Case No. 2024CI02608**

| | | | | |
|---|---|---|---|---|
| **Michael Garcia VS Wells Fargo Bank, N.A.** | | § | Location: | **407th District Court** |
| | | § | Judicial Officer: | **407th, District Court** |
| | | § | Filed on: | **02/06/2024** |

---

### Case Information

Case Type: OTHER REAL PROPERTY
Case Status: **02/06/2024   Pending**

### Assignment Information

**Current Case Assignment**
Case Number     2024CI02608
Court                407th District Court
Date Assigned   02/06/2024
Judicial Officer   407th, District Court

---

### Party Information

*Lead Attorneys*

| | | |
|---|---|---|
| **Plaintiff** | **Garcia, Michael** | **HICKS, JOHN T** |
| | | *Retained* |
| | | |
| **Defendant** | **Wells Fargo Bank, N.A.** | |

---

### Events and Orders of the Court

02/06/2024     CASH BOND        (Judicial Officer: 407th, District Court)
                      *TRO; $100.00 CASH DEPOSIT IN LIEU OF BOND*
                      Party:  Plaintiff Garcia, Michael
                      Party 2:   Attorney HICKS, JOHN T

02/06/2024     New Cases Filed (OCA)

02/06/2024     PETITION

02/06/2024     TEMP RESTRAINING ORDER & ORDER SETTING HEARING        (Judicial Officer: ALVAREZ, MARY LOU)
                      *FOR TEMPORARY INJUNCTION*

02/06/2024     PROPOSED ORDER

02/06/2024     TEMP REST ORD, AND ORD SETTING HRG FOR RQST FOR TEMP INJ     (Judicial Officer: ALVAREZ, MARY LOU)

02/16/2024     **SETTING ON TEMPORARY INJUNCTION**   (9:00 AM)

# EXHIBIT 3

CAUSE NO. 2024-CI-02608

| | | |
|---|---|---|
| MICHAEL GARCIA, AS NEXT FRIEND TO LEE TALAMANTEZ, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | |
| WELLS FARGO BANK, N.A. | § § | BEXAR COUNTY, TEXAS |
| Defendant. | § § § | |
| | § | 407th JUDICIAL DISTRICT |

## <u>NOTICE OF REMOVAL</u>

Defendant Wells Fargo Bank, N.A., files this Notice of Removal and respectfully state the following:

Defendant filed the Notice of Removal attached hereto as **<u>Exhibit A</u>** and incorporated herein with the United States District Court for the Western District of Texas, San Antonio Division. The Notice of Removal is being filed with the Clerk of the District Court of Bexar County Texas, 407th Judicial District, to effect removal to the United States District Court for the Western District of Texas, San Antonio Division.

As a result, this matter shall proceed no further in this Court and will continue in the United States District Court for the Western District of Texas, San Antonio Division, unless the case is remanded. *See* 28 U.S.C. § 1446(d).

Respectfully submitted,

*/s/ Taylre C. Janak*
Keith M. Aurzada
State Bar No. 24009880
kaurzada@reedsmith.com
Taylre C. Janak
State Bar No. 24122751
tjanak@reedsmith.com
2850 N. Harwood Street
Suite 1500
Dallas, Texas 75201
Telephone: 469-680-4200
Facsimile: 469-680-4299

*Counsel for Wells Fargo*


### CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of February, 2024, a true and correct copy of the foregoing document was served, via the Court's electronic filing system, certified mail, return receipt requested, and email on the following counsel of record:

John T. Hicks
The Hicks Law Firm
1846 N. Loop 1604 West, Suite 205
San Antonio, Texas 78248
jhickslawfirm@gmail.com


*/s/ Taylre C. Janak*
Taylre C. Janak